UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL NURSES ORGANIZING COMMITTEE – FLORIDA/NATIONAL NURSES UNITED, AFL-CIO, <br><br>　　　　Petitioner, <br><br>v. <br><br>LARGO MEDICAL CENTER, INC., d/b/a LARGO MEDICAL CENTER, <br><br>　　　　Respondent. | Case No.: <br><br>CIVIL ACTION |

## COMPLAINT

NNOC-Florida/National Nurses United, AFL-CIO, Petitioner, complains of Largo Medical Center, Inc., d/b/a Largo Medical Center, Respondent, as follows:

## PRELIMINARY STATEMENT

1. This is an action arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), to compel arbitration under the parties' collective bargaining agreement.

## JURISDICTION AND VENUE

2. Petitioner NNOC-Florida/National Nurses United, AFL-CIO ("the Union" or "NNOC") represents a bargaining unit of registered nurses at Respondent Largo Medical Center, Inc., d/b/a Largo Medical Center ("LMC" or "the Hospital"). Largo Medical Center is owned by HCA, Inc. ("HCA").

3. The Union files this action pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a), to compel arbitration of a dispute between NNOC and the Hospital. This Court has jurisdiction under 29 U.S.C. §185(a) and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 29 U.S.C. §185(c). Petitioner NNOC has offices in and represents members throughout the Middle District of Florida, including those employed by the Hospital. In addition, the dispute arose within the Middle District of Florida, as Largo Medical Center is located in the District.

## PARTIES

5. The Union is a "labor organization" representing employees of Largo Medical Center for the purposes of collective bargaining within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5). The Union is an unincorporated labor organization authorized to do and doing business in various counties throughout Florida, including Hillsborough and Pinellas Counties. The Union represents employees of Largo Medical Center in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

6. Largo Medical Center is an "employer" in an industry affecting commerce within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(2). The Union is informed and believes, and thereupon alleges, that Respondent Largo Medical Center, is now and, at all times material herein, has been a for-profit Florida corporation operating under the laws of the State of Florida and authorized to do and doing business in the State of Florida, including the County of Pinellas.

## FACTS

7. The Union and LMC are parties to an effective Collective Bargaining Agreement. On or about October 22, 2018, the Union and LMC entered into a written Collective Bargaining Agreement, effective from October 22, 2018 through May 31, 2021. A true and correct copy of

the Collective Bargaining Agreement is attached hereto and incorporated herein by reference as Exhibit "A."

8. The Union filed the grievance underlying this Petition to Compel Arbitration on May 11, 2020, pursuant to the Collective Bargaining Agreement. A true and correct copy of the grievance underlying this Petition is attached hereto and incorporated herein by reference as Exhibit "B."

9. Article 18, Section 2 of the Collective Bargaining Agreement, entitled "Definition of Grievance," specifies that a "'grievance' is defined as any complaint against the Hospital submitted by the Union in writing for an alleged breach of a specific provision of this Agreement, except as to those provisions which are not subject to this Article." A "'class grievance' is defined as any complaint against the Hospital submitted in writing by the Union on behalf of two (2) or more Registered Nurses and regarding the same alleged breach of this Agreement or multiple alleged breaches of the same provision(s) of this Agreement."

10. Article 18, Section 3 of the Collective Bargaining Agreement, entitled "Grievance Procedure," sets forth the grievance procedure and provides for final and binding arbitration of any grievances that have not been resolved by the Parties through the prior steps in the grievance procedure.

11. Article 31, Section 1 of the Collective Bargaining Agreement, entitled "On-Call Pay," requires that all "[r]egistered Nurses in eligible Departments and positions required to be On-Call shall be paid at $3.50 for all hours spent On Call." In addition, Article 31, Section 2, entitled "Call-Back Pay," specifies that if nurses are "required to work when On-Call, a Registered Nurse shall be paid Call-Back pay at the rate of one and one-half (1 ½) times the Registered Nurse's regular base hourly rate, plus any applicable differentials (e.g., shift or weekend)."

12. Article 7, Section C of the Collective Bargaining Agreement, entitled "Minimum Rates," establishes minimum wages, benefits, and economic provisions within the Agreement. In addition, nothing in the Agreement "shall be deemed or construed to limit the Employer's right, at its discretion, to increase wages based upon market conditions in excess of that provided by this Agreement, except that the Employer shall not establish a merit based pay program. Accordingly, it is also understood that any such increases shall be over and above the economic package negotiated in this Agreement. Before taking any action, the Hospital shall notify the Union and meet and confer over the proposed changes."

13. On May 11, 2020, the Union filed a grievance alleging, among other things, that LMC had violated multiple provisions of the Parties' Collective Bargaining Agreement, including the aforementioned sections, by implementing a policy offering so-called "Pandemic Pay" at 70% of employees' base pay for employees working in units with reduced volumes, and doing so without notifying the Union. All Registered Nurses who did not work an unscheduled shift during the same work week were denied both "pandemic pay" for their mandatory minimum pay and the days they were called-off work. By adoption of this policy, LMC thus changed bargaining nurses' Base and On-Call pay. And the Hospital made this change without notifying the Union and meeting and conferring over the proposed changes as required by the CBA.

14. On June 10, 2020, after LMC denied the grievance at each of the required prior steps of the grievance procedure, the Union demanded arbitration of the grievance. A true and correct copy of this demand for arbitration is attached hereto and incorporated herein by reference as Exhibit "C."

15. The Union contacted the Federal Mediation and Conciliation Services ("FMCS") for a list of arbitrators available to hear this grievance. FMCS sent the Parties a list of arbitrators on June

18, 2020. A true and correct copy of the FMCS List is attached hereto and incorporated herein by reference as Exhibit "D."

16. On June 29, 2020, LMC, through Hospital Corporation of America Management Services, emailed a letter to the Union refusing to participate in arbitration. A true and correct copy of that Letter is attached hereto and incorporated herein by reference as Exhibit "E."

17. As of the filing date of this instant Petition, the Hospital has still not agreed to proceed to an arbitration with the Union. Upon information and belief, the Hospital maintains the position that it refuses to arbitrate the grievance.

18. LMC's refusal to proceed to arbitration violates Article 18, Section 3 of the Parties' Collective Bargaining Agreement.

19. Because of LMC's refusal to proceed to arbitration, the Union's attorneys have had to work on this matter, where they otherwise would not have been involved.

20. LMC's failure to proceed to arbitration on the grievance is without excuse, without merit, unjustified, dilatory, frivolous and done in bad faith, vexatiously and/or for oppressive reasons.

## PRAYER FOR RELIEF

WHEREFORE, the Unions pray for relief as follows:

1. For an Order of the Court compelling LMC to submit the above mentioned grievance to arbitration pursuant to the terms of the Collective Bargaining Agreement attached hereto as Exhibit "A."

2. For an Order of the Court directing LMC to select an arbitrator with the Union by a date certain.

3. For its reasonable attorneys' fees.

4. For costs of suit incurred herein.

5. For such other and further relief as this Court deems just and proper.

DATED:  December 8, 2020                    Respectfully submitted,

By: */s/ Jose J. Rodriguez*
Jose Javier Rodriguez, Esq.
Florida Bar No. 0029469
D. Marcus Braswell, Jr., Esq., Trial Counsel
Florida Bar No. 146160
SUGARMAN & SUSSKIND, P.A.
Attorneys for Plaintiffs
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115
JJR@sugarmansusskind.com
MBraswell@sugarmansusskind.com